UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY D. GARRISON,

       Plaintiff,

v.                                    Case No. 2:06-cv-250

COMMISSIONER OF SOCIAL SECURITY,      HON. ROBERT HOLMES BELL

       Defendant.
_____/

## REPORT AND RECOMMENDATION

In March of 2004, Jerry Garrison filed an application for supplemental security income (SSI) benefits, alleging that he had been disabled since September of 2001 as a result of back pain which limited his mobility and prevented him from doing any lifting or climbing.  *See* Transcript of Administrative Hearing at pages 40, 48, 51 and 52 (hereinafter Tr. at ____).  Plaintiff also maintains that his depression contributes to his disability.  Plaintiff's request for disability benefits was denied initially and he sought review before an Administrative Law Judge (ALJ).  A hearing was held before an ALJ on October 19, 2005, at which plaintiff appeared and testified.  Tr. at 213-47.  The ALJ issued a decision finding that plaintiff suffered from severe impairments, but retained the residual functional capacity to perform a significant number of jobs which existed in the national economy.  Tr. at 32-40.  In March of 2006, plaintiff submitted additional evidence and requested review of the ALJ's decision by the Appeals Council.  Tr. at 10-11.  The Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.  Tr. at 4-6.  Plaintiff then filed this civil action seeking judicial review of the denial of SSI benefits.

Plaintiff was born on March 22, 1966, and alleges he became disabled in September of 2001.  Tr. at 40.  Plaintiff worked as an auto mechanic, assembly technician, furnace operator, and at an auto parts store.  Tr. at 67.  Plaintiff apparently worked from 1988 to 1992, did not work in 1993, 1994 or 1995, worked again in 1996, did not work in 1997, 1998 or 1999, and worked again in 2000 and 2001. Plaintiff's past work experience includes an oil changer/automotive serviceman, furnace operator, automotive salvage yard laborer/counter clerk, laborer-assembler/repairman for restaurant equipment, and owner/operator of a small engine repair business.  Tr. at 16, 52-53, 56, 67-74, 217-221.  Plaintiff was apparently injured at work in March of 2001 while moving a salad bar. Plaintiff continued to work until he was terminated in September of 2001.  Tr. at 217-218.  The medical record establishes that plaintiff suffers from lumbar disc herniation syndrome and secondary depression.  Tr. at 130.  There is no question from a review of the medical evidence of record that plaintiff suffers from a serious back condition which has limited his ability to perform gainful employment.  Plaintiff has disc degeneration at the L4-L5 and L5-S1 levels and pain as a result of this condition.  Tr. at 106-107.  The ALJ found that plaintiff was severely impaired, but that he did not suffer from disabling pain.  According to the ALJ, plaintiff was capable of performing a wide range of light and sedentary jobs which existed in significant numbers in the economy.  Tr. at 18. Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff was capable of performing a variety of positions which existed in the national economy.  Tr. at 17.

This Court has jurisdiction to review the Commissioner's decision denying SSI benefits pursuant to 42 U.S.C. § 405(g).  Judicial review of the denial of SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner employed the proper legal standard.  *Richardson v. Perales*, 402 U.S. 389 (1971).

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  It has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  This Court is not permitted to try the case *de novo*, nor resolve conflicts in the evidence and cannot decide questions of credibility.  *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  This Court is required to examine the administrative record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence, even if this Court would have decided the matter differently.  *See Kinsella v. Schwikers*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (an *en banc* decision holding that the court must affirm a Commissioner even if substantial evidence would support the opposite conclusion).

In the instant case, the ALJ explained, "the denial of the claimant's application for benefits must be affirmed at the fifth step of the sequential evaluation process set forth at 20 CFR 416.920."  Tr. at 16.  The Commissioner utilizes a five step analysis to determine whether an individual qualifies as disabled.  The first step examines whether the claimant is performing substantial gainful activity.  If he is, he is not disabled.  The second step requires the Commissioner to determine whether or not the claimant suffers from a severe impairment.  If he does not, then he is not disabled.  At the third step, the Commissioner examines whether or not the claimant is performing substantial activity and is suffering from a severe impairment that is expected to last for more than 12 months.  If the claimant meets a listed impairment, the claimant is presumed disabled. At the fourth step, the Commissioner examines whether the claimant's impairment prevents him from doing his past relevant work.  If it does not, the claimant is not disabled.  At the fifth step, the

Commissioner determines whether or not, given the claimant's impairments and an inability to do his past relevant work, consideration must be given to whether there is other work which exists in the national economy which the claimant is capable of performing.  It was at this fifth step that the Commissioner found, considering plaintiff's severe impairments, that plaintiff was capable of performing work which existed in the national economy.

As the Commissioner found, there is no question that plaintiff suffers from a severe impairment which includes back pain secondary to a lumbar disc herniation, depression, and chronic pain concerns.  Tr. at 38.  Dr. Transfeldt indicated that plaintiff had a "fairly good range of forward flexion but has significant abnormal spinal rhythm especially when he comes back to the extended position."  Tr. at 109.  Dr. Transfeldt indicated that X-rays showed some narrowing of the disc space in plaintiff's spine and that there was disc degeneration at L4-L5 and L5-S1.  Tr. at 109.  Dr. Transfeldt opined that plaintiff was not capable of performing heavy work "that requires repeated bending, lifting and twisting."  Tr. at 109.  Dr. Transfeldt indicated that plaintiff should be retrained to perform some other type of work.  Tr. at 109.  Plaintiff has complained of back pain consistently.  Tr. at 118-124, 125-126, 130, and 133-134.  It has been recommended that plaintiff participate in a physical therapy program, but he has apparently refused to do so.  Tr. at 141.

Plaintiff is 5'11" and weighs approximately 300 pounds.  Tr. at 234.  With respect to plaintiff's mental condition, Dr. Desmonde indicated that plaintiff "would work best in an environment where he had limited contact with supervisors, coworkers, and the general public.  He may have difficulty tolerating the stress and pressure of competitive employment at this time."  Tr. at 155.  Dr. Marshall opined that plaintiff could work in a low stress environment and perform unskilled tasks on a sustained basis.  Tr. at 183.

Plaintiff maintains that he meets one of the listings and therefore should have been found disabled at step three of the five step analysis.  To meet a listing, plaintiff must establish that he meets all of the specified medical criteria.  *See Sullivan v. Zebley*, 493 U.S. 521, 529-30 (1990). The evidence supports a finding that plaintiff does not meet a listing because there is no evidence of right lumbosacral radiculopathy.  Tr. at 158.  There is also a lack of evidence of nerve root compression and the finding that plaintiff does not suffer motor loss with reflex loss or sensory loss is supported by substantial evidence.  Tr. at 109.  Plaintiff also maintains there is not substantial evidence supporting the ALJ's residual functional capacity conclusion that plaintiff is capable of performing a limited range of light and sedentary work.  The records of some of the medical personnel supports the finding of the Commissioner that plaintiff is capable of performing a limited range of work.  It was recommended that plaintiff not return to heavy work and that he seek retraining.  The undersigned cannot conclude that there is a lack of substantial evidence for the finding that plaintiff is capable of performing a limited range of light and sedentary work.

Plaintiff also claims that the ALJ's decision failed to make a specific finding regarding plaintiff's credibility.  While the ALJ's decision may not be as articulate as this Court would like, it is still clear from a reading of that decision that the ALJ found plaintiff's testimony not wholly credible and found that plaintiff was capable of performing a limited range of light and sedentary work.

Having carefully reviewed the evidence of record, the undersigned recommends that the Court find there is substantial evidence to support the findings of the Commissioner and deny plaintiff's request for benefits.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3.  Failure to file timely objections constitutes a waiver of any further right to appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985).


                                        /s/ Timothy P. Greeley
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE
Dated:  February 29, 2008